JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
BARCLAY T. SAMFORD (NM Bar #12323)
Clay.Samford@usdoj.gov
Trial Attorney
  Natural Resources Section
  Environment & Natural Resources Division
  U.S. Department of Justice
  999 18th St., South Terrace, Suite 370
  Denver, CO 80202
  Telephone:  (303) 844-1475
  Facsimile:   (303) 844-1350

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, and UNITED STATES FOREST SERVICE,<br><br>  Defendants. | No. 2:18-cv-02448-JFW (GJSx)<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

**Exhibit 1**

This Agreement is entered into by and between Plaintiff, the Center for Biological Diversity, and Defendants, United States Department of Agriculture Forest Service and the Department of the Interior Bureau of Land Management ("BLM") (together, the "Parties");

WHEREAS Plaintiff filed suit on March 27, 2018, under the Wild and Scenic Rivers Act ("WSRA"), 16 U.S.C. §§ 1271–83, seeking an order of the Court requiring the Defendants to prepare river management plans (also referred to as Comprehensive River Management Plans or "CRMPs") for eight rivers designated under the WSRA on March 31, 2009.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      Defendants shall issue final CRMPs under the WSRA for the designated river segments of the North Fork San Jacinto River, Fuller Mill Creek, Palm Canyon Creek, Bautista Creek, Owens River Headwaters, Cottonwood Creek, Piru Creek, and Amargosa River not later than December 31, 2024, unless that deadline is modified under paragraphs 2, 4 or 5 of this agreement.

2.      In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Stipulation, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations.  The Parties shall meet and confer to

1

attempt to resolve the dispute.  If the Parties cannot reach an agreed-upon resolution after 28 days following receipt of a written notice requesting informal negotiations or such longer time agreed to by the Parties, any Party may move the Court to resolve the dispute.

3.      No motion or other proceeding seeking to enforce this Stipulation or for contempt of court shall be properly filed unless the Party seeking to enforce this Stipulation has followed the procedure set forth in Paragraph 2, above, and the Party believes there has been noncompliance with an order issued under Paragraph 2.  In addition, this Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.      The Parties recognize that the possibility exists that a lapse in appropriations that fund the Department of Agriculture and the Department of the Interior could delay compliance with the timetables contained in this Stipulation. Should a delay occur due to a lapse in appropriations any resulting failure to meet the timetables set forth herein shall not constitute a failure to comply with the terms of this Stipulation, and any deadlines shall be automatically extended one day for each day of the lapse in appropriations.  Nothing in this paragraph shall preclude the Defendants from seeking an additional extension through modification of this Stipulation pursuant to Paragraph 5, below.  The Parties recognize and acknowledge that the obligations imposed upon the Defendants

under this Stipulation can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Stipulation shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

5.     The Order entering this Agreement may be modified by the Court only by written stipulation of the Parties filed with and approved by the Court, or upon good cause shown by written motion filed by one of the Parties pursuant to Paragraph 2 and granted by the Court.  In the event that Defendants fail to meet a deadline in Paragraph 1, above, and have not sought to modify it, or have failed to meet a deadline modified by the Court, Plaintiff shall proceed in accordance with Paragraphs 2 and 3, above.

6.     The Parties agree the each party shall bear its own attorney's fees, expenses, and costs incurred in connection with this litigation, including settlement negotiations.

7.     No provision of this Agreement shall constitute a commitment for Defendants to take action in contravention of, or not required by, the WSRA or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the WSRA (including any amendments thereto), the Administrative

Procedure Act, 5 U.S.C. §§ 553 *et seq.*, or general principles of administrative law.  Nothing in this Agreement shall be construed to deprive a federal official of the authority to revise, amend, or promulgate regulations.  Nor shall anything in this Agreement be construed to limit the authority of federal officials from revising or amending any final determination.

8.     The Parties agree that this Stipulation shall constitute a complete and final settlement of all claims that Plaintiff asserted against the Defendants in this action.  To challenge any CRMP completed pursuant to Paragraph 1, above, or any revision or amendment of a CRMP, Plaintiff must file a separate action.  In such action, Plaintiff reserves the right to challenge substantive decisions made by Defendants pursuant to Paragraph 1, above, and Defendants reserve the right to raise any applicable claims or defenses to such challenges.

9.     Concurrently with this Settlement Agreement, the Parties shall file a stipulation of voluntary dismissal of this action.  That stipulation will request that the Court retain jurisdiction to oversee compliance with the terms of this Stipulation and to resolve any disputes arising under this Stipulation and any motions to modify any of its terms.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

10.     The Parties agree that this Stipulation was negotiated in good faith and that it constitutes a settlement of substantive claims brought by Plaintiff.  The

4

Parties agree and acknowledge that this Stipulation is a compromise to avoid further litigation only and that it has no precedential value and shall not be used as evidence in any litigation except litigation to enforce the terms of this Stipulation.

11.    It is hereby expressly understood and agreed that this Stipulation was jointly drafted by the Parties and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Stipulation.

12.    This Stipulation contains the entire agreement between the Parties, and all previous understandings, agreements, and communications prior to the date hereof, whether express or implied, oral or written, relating to the subject matter of this Stipulation, are fully and completely extinguished and superseded by this Stipulation.

13.    The undersigned representatives of each of the Parties certify that they are fully authorized by the Parties they represent to execute this Stipulation.  The provisions of this Stipulation shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns and shall become effective upon filing with the Court.

SO STIPULATED:

JEFFREY H. WOOD
Acting Assistant Attorney General

5

/s/ *Barclay T. Samford*
BARCLAY T. SAMFORD
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

*Counsel for Defendants*

/s/ *Lisa T. Belenky*
Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
T: (510) 844-7100 • F: (510) 844-7150
E: lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

*Counsel for Plaintiff*
Center for Biological Diversity

6